# Monogram Hardwood Co. *v.* Thrower.

*Assumpsit.*

(Decided February 5, 1914. Rehearing denied April 16, 1914. 65 South. 89.)

1. *Evidence; Conversation; Sales.*—Where the action was for the price of timber sold to a corporation, a conversation between the seller and the representatives of the corporation relative to the sale of the timber is admissible in evidence.

2. *Parties; Plaintiff; Party in Interest.*—The owner of the timber sold is the real party in interest within the provision of section 2489, Code 1907, and may sue in his own name for the price of such timber, though the sale was actually made by a third party.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action in assumpsit by T. J. Thrower against the Monogram Hardwood Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The witness Wilkinson testified as to hearing the conversation between Mr. Thrower and Mr. May, and that Mr. Davidson was also present, both being representatives of the defendant. Witness was then asked to state the conversation with reference to this car (the suit being over the price of a car load of ash timber). Objection was interposed, and, after it was overruled, witness answered, detailing the conversation as to the amount of the wood shipped, and as to the condition, etc. The evidence further tended to show that Cook

made the trades for Mr. Thrower, shipped the wood in his name, and collected some of the money. Defendant requested: (1) The affirmative charge; (2) that, if the jury believed that J. A. Cook made the agreement, then they should find for defendant.

E. T. GRAHAM and C. H. ROQUEMORE, for appellant. The conversation between Mr. Thrower and the representative of the corporation with reference to the car of timber was not admissible as no predicate was laid in such a way as to show with any degree of certainty when or where the conversation took place, nor does the record show that Thrower had any such relation with this defendant as would render the evidence relevant. —A. & E. Enc. of Law, 446. Those who accept and obtain benefits under an instrument adopt the whole and renounce every right inconsistent therewith.—16 Cyc. 719; *McCravey v. Hensen,* 19 Ala. 430; *Harrison v. Poole,* 16 Ala. 66; *Pounds v. Richards,* 21 Ala. 424. Under the evidence Cook was the only party to the transaction, and if Thrower had any interest, it was that of a partner with Cook, and there was a variance. —*Ry. Co. v. Lee,* 52 South. 648; *McCravey v. Remsen, supra.* Therefore, the action will not lie.—Sec. 2489, Code 1907.

L. A. SANDERSON, for appellee. An undisclosed principal may sue in his own name.—*McFadden v. Henderson,* 128 Ala. 221; *Bell v. Reynolds,* 78 Ala. 511; *Huntsvills v. Gas Light Co.,* 70 Ala. 190. It is always proper to bring the action in the name of the principal whether disclosed or undisclosed.—Section 2487, Code 1907.—31 Cyc. 1620. It follows therefore that the court was not in error in the admission of evidence or refusal of charges.

WALKER, P. J.—The appellant has nothing to complain of in the action of the court in overruling the objection made to the testimony of the witness Wilkinson as to a conversation between the plaintiff and the representatives of the defendant (appellant here), in the latter's place of business, in reference to one of the car loads of timber for the balance of the price of which this suit was brought. The testimony offered by the defendant showed that the persons with whom the witness stated that the plaintiff conversed on the occasion mentioned were its representatives, having charge of the business which was the subject of the conversation testified about. No plausible ground of objection to the question asked the witness or to the testimony elicited by it has been suggested.

Though the defendant contracted with one Cook alone, and not with the plaintiff, for the timber for the price of which the suit was brought, yet the plaintiff was entitled to maintain the action as "the party really interested," if, at the time the suit was brought, he was the sole owner of the demand sued on.—Code, § 2489. The testimony of Cook and of the plaintiff himself was to the effect that the latter alone supplied the timber, and was entitled to the price of it. The defendant was not, on the theory that the suit should have been brought in the name of Cook, nor on any other theory, entitled to require the court to give either of the written charges which were requested in its behalf.

Affirmed.